BOCANEGRA, DEMANDANTE Y APELADO, *v.* PORTILLA, DEMANDADO
Y APELANTE.

No. 3303.—*Visto:* Junio 17, 1924.  *Resuelto:* Agosto 2, 1924.

SERVICIOS PROFESIONALES—ALIMENTOS—ASISTENCIA MÉDICA COMO PARTE DE LOS
ALIMENTOS—OBLIGACIÓN DEL ALIMENTISTA.—Por regla general el gasto ex-
traordinario que pueda ocasionarse como consecuencia de la asistencia médica
al hijo alimentado no está comprendido en la pensión y debe satisfacerse
separadamente por el padre aún cuando, como en este caso en que se trata
de hijos naturales reconocidos, los servicios médicos no hubieran sido con-
tratados por el padre sino por la madre con la cual vivían los hijos.

ID.—ID.—ID.—VALOR RAZONABLE DE LOS SERVICIOS—COSTAS.—Atendidas las cir-
cunstancias de este caso en el cual se reclamaban $1,000 del padre por asis-
tencia médica prestada a sus dos hijos desde el día 8 hasta el 18 de julio
de 1922 y desde agosto 14 hasta septiembre 4 de igual año en ocasión en
que ambos hijos sufrieran difteria, *se resolvió* que $200 era una compensación
apropiada y se sostuvo la condena de costas ya que la propia actitud del
demandado obligó al demandante a acudir a los tribunales.

SENTENCIA de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan),
declarando con lugar la demanda, con costas.  *Modificada y con-
firmada.*

*F. Soto Gras,* abogado del apelante; *B. Pagán,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

La sentencia apelada dice:

"El día 24 de enero de 1924 se celebró el juicio de este pleito,
concurriendo las partes representadas por sus abogados respectivos,
y ofrecieron prueba consistente en cuatro documentos y dos testigos
por parte del demandante, y ocho documentos y un testigo por parte
del demandado.

"Apreciada en su conjunto dicha prueba, así como las alegacio-
nes, la corte llega a la conclusión de que los hechos y la Ley están
en favor del demandante y en contra del demandado, por haberse
probado y admitido:

"Que el demandante, que es un médico en el ejercicio de su pro-
fesión, prestó servicios profesionales a Eugenio Portilla y Angelina
Carmen Portilla, ambos hijos naturales reconocidos del demandado.
Si bien es cierto que éste no intervino personalmente en la contra-
tación de dichos servicios, la madre de los niños, que son menores
de edad, los tenía a su cuidado y bajo su patria potestad, y solicitó
del demandante que los prestara.  Dichos servicios han consistido en
la asistencia médica de ambos niños desde el 8 de julio hasta el 18

del mismo mes de 1922, luego desde el 14 de agosto hasta el 4 de septiembre de 1922, en ocasión en que ambos niños sufrieron un ataque de difteria.

"Durante la asistencia el demandante personalmente aplicó masajes eléctricos a uno de los pacientes.

"Resulta, además, probado que el padre de estos menores, pasaba a la madre una pensión mensual de $45, y además acostumbraba pagar los gastos de asistencia médica y medicinas que necesitasen. Dichos servicios no fueron objeto de un contrato especial acerca del importe de los honorarios.

"La corte estima que la suma de $500.00 representa un valor razonable de dichos honorarios y por tanto dicta sentencia declarando con lugar la demanda y condenando al demandado a pagar al demandante la cantidad de $500.00 más las costas."

El demandado apelante señala en su alegato tres errores cometidos por la corte, 1, al condenarle a pagar servicios no contratados por él y que estaban en todo caso incluídos en la pensión alimenticia que pasaba a sus menores hijos; 2, al apreciar el valor de los servicios en quinientos dólares, y 3, al imponerle las costas.

Examinemos el primer error. Se admite que los dos niños eran hijos naturales del demandado. El artículo 195 del Código Civil revisado, dice, en lo pertinente: "El hijo natural tiene derecho: 1.—A llevar el apellido del que lo reconoce. 2.—A recibir alimentos del mismo. . . . ." ¿Qué se entiende por alimentos? El propio código en su artículo 212 contesta la pregunta: "Se entiende por alimentos todo lo que es indispensable para el sustento, habitación, vestido y *asistencia médica,* según la posición social de la familia." Las itálicas son nuestras.

Manresa en sus Comentarios al Código Civil, vol. 1, p. 608, de la tercera edición, 1907, dice:

"La asistencia médica se hallaba ordenada ya en el Derecho romano, y si bien se omitió su expresión en la ley 2ª, título 19 de la Partida 4ª, no por eso se excluyó dicha asistencia de la materia objeto de los alimentos, puesto que a más de las expresadas terminantemente en esa ley, se estableció que debían comprender los alimen-

tos todas aquellas otras cosas que eran menester para la vida, entre las cuales se encuentran el restablecimiento y conservación de la salud; y así es que más adelante, en la 5ª del tít. 33 de la Partida 7ª, se consigna que se deben al alimentista, cuando enfermare, los que fuesen preciso para recobrar la salud.''

El deber del demandado es, pues evidente. Pero alega que pasando como pasaba una pensión alimenticia de cuarenta y cinco dólares mensuales a sus hijos, en ella estaban comprendidos los gastos para asistencia médica. Si bien los alimentos comprenden la asistencia médica, las cortes al fijar la cuantía de las pensiones alimenticias en casos de esta naturaleza, toman por regla general por base únicamente el sustento, habitación y vestido. La asistencia médica es algo anormal que ocurre en determinadas ocasiones y, a menos que se determine expresamente, el gasto extraordinario en que pueda incurrirse por razón de ella no está comprendido en la pensión y se satisface separadamente. Esa fué la interpretación del propio demandado en este caso. Declarando en el juicio manifestó haber enviado médicos por su cuenta en otras ocasiones para asistir a sus hijos y dijo que una vez pagó al Dr. Vergne por una sola visita doce dólares. También indicó que tenía en su poder recibos de la botica.

Insiste el demandado en que sólo él y no la madre tenía autoridad para contratar, haciendo referencia a la diferencia que existe en el caso de un hogar legítimo en que la madre vive en compañía del padre, al de uno ilegítimo en que sucede lo contrario. Tampoco tiene razón, a nuestro juicio. Se trataba de enfermedades serias. Los servicios eran necesarios y urgentes. Los hijos estaban bajo el cuidado de la madre, y, requerido por ella, el doctor demandante prestó sus servicios sin indagar siquiera quién era el padre. Si el padre no hubiera existido, quizá el doctor hubiera cobrado una cantidad mínima o nada hubiera cobrado, pero el padre existía y el padre debe pagar aunque con él no se contratara directamente. La verdad es que no se explica satisfac-

toriamente que un padre viviendo tan cerca de sus hijos no se enterara que estuvieron expuestos a morir de *difteria.* "Cuando sin conocimiento del obligado a prestar alimentos los diere un extraño éste tendrá derecho a reclamarlos de aquél, a no constar que los dió por oficio de piedad y sin ánimo de reclamarlos," dice el artículo 1795 del Código Civil. Los médicos en el ejercicio de su profesión no prestan sus servicios por oficio de piedad y sin ánimo de reclamarlos cuando se trata de familias pudientes.

Examinemos el segundo error. El demandante reclamó mil dólares y en el acto del juicio declaró que sus servicios valían $1,015, según nota detallada. Declaró un perito médico, el Dr. Pereira Leal, y tasó los servicios en dos mil. La corte dictó sentencia por quinientos. Sin embargo, atendidas todas las circunstancias que concurren, opinamos que doscientos dólares es la compensación apropiada.

No cometió la corte el tercero y último de los errores que le atribuye el apelante. El doctor demandante trató en repetidas ocasiones de cobrar su cuenta y fué obligado por la propia actitud del demandado a acudir a los tribunales de justicia. No puede quejarse el demandado de las consecuencias de sus propios actos.

*Debe modificarse la sentencia en el sentido indicado y, así modificada, confirmarse.*

Los Jueces Asociados Sres. Wolf y Aldrey disintieron.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

En este caso hubo prueba tendente a demostrar que el demandado en otras ocasiones había enviado a su médico a asistir a sus hijos naturales reconocidos. Si ha de elegirse a un médico entonces la persona que ha de pagar la cuenta de servicios es la que tiene derecho a elegirlo. En el caso de una familia legítima es la esposa la representante autorizada del esposo para obtener los servicios de un médico. Esta representación no la tiene la madre de un hijo natural reconocido. Ella no tiene ningún derecho a obligar al

padre. Estoy dispuesto a admitir que cuando existe una emergencia puede ser llamado un médico, que su asistencia es necesaria, y que puede hacerse responsable al padre por la visita de emergencia. En este caso no se demostró que existiera ninguna emergencia y dudo si alguna podía probarse fuera de la primera visita. Por tanto no se originó ningún contrato con excepción quizás de la primera visita de emergencia.

Además dada la presunción de honradez y sanos móviles que existen en favor de cualquier ciudadano no veo ninguna razón para asumir que en este caso el padre fuera culpable en no investigar acerca de sus hijos. El puede no haber tenido ningún conocimiento real a pesar de su proximidad a la casa de sus hijos. Puede haber estado fuera cuando ocurrió la enfermedad. De todos modos no encuentro razón alguna para asumir que hubo incumplimiento de un deber o falta de humanidad por su parte hasta tanto se pruebe esta actitud.

Estoy autorizado para decir que el Juez Asociado Sr. Aldrey está conforme con este disentimiento.